UNITED STATES of America,
Plaintiff—Appellee,

v.

Russel WHITECLOUD, aka: Ricardo Millar Lessur, Ricardo Lessur Millar, Walter Alexander Levinge, Thomas Whitecloud, III, Thomas Roessler, and Thomas Russel, Defendant—Appellant.

No. 02–50206.
D.C. No. CR–97–00071–K.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2003.

Decided March 18, 2003.

Before B. FLETCHER, ALARCÓN, and HAWKINS, Circuit Judges.

MEMORANDUM * and ORDER

Russel Whitecloud[1] ("Whitecloud") appeals from the order sentencing him to serve twenty-four months in prison following the revocation of his supervised release. We affirm because we conclude that the Government proved by a preponderance of the evidence that Whitecloud violated the terms of his supervised release. The parties are familiar with the facts; thus, the facts are not restated herein except as necessary to explain our judgment.

To revoke supervised release, a district court must find by a preponderance of the evidence that the defendant violated the terms of his supervised release. 18 U.S.C. § 3583(e)(3) (2003). This court reviews a district court's decision to revoke supervised release for abuse of discretion. *United States v. Turner*, 312 F.3d 1137, 1142 (9th Cir.2002). Because the issues presented in this appeal are questions of law, this court's review is *de novo. Id. See Koon v. United States*, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) (noting that a district court necessarily abuses its discretion when it makes an error of law).

The district court found that Whitecloud violated the terms of his supervised release by (1) failing to accurately reflect on his August 2001 monthly supervision report receipt of Social Security benefits; (2) submitting a fraudulent Department of Motor Vehicles ("DMV") application; and (3) stalking his dentist, Dr. Misako Hirota ("Hirota").

█ Whitecloud presents three arguments in this appeal. First, with regard to the failure to report his Social Security benefits, Whitecloud argues that by requiring him to correct the omission on his August 2001 monthly report, his probation officer's conduct "amounted to an election of remedies akin to the doctrine of 'estoppel by entrapment.'" Brief for Appellant at 17. Whitecloud's argument is without merit.

Election of remedies and estoppel by entrapment are discrete concepts. The doctrine of election of remedies "refers to situations where an individual pursues remedies that are legally or factually inconsistent." *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 49, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). "The entrapment-by-estoppel-defense applies when an authorized government official tells the defendant that certain conduct is legal and the defendant believes the official." *United States v. Hancock*, 231 F.3d 557, 567 (9th Cir.2000). There is no coherent argument, in law or fact, to support the proposition that either of these doctrines apply to the probation officer's September 2001 instruction that Whitecloud write in the correct information regarding his Social Security benefits for July 2001 on his August 2001 monthly report or to Whitecloud's subsequent compliance with that request.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Whitecloud was charged as Thomas Russel. Whitecloud offered evidence before the district court indicating that his legal name is Russel Whitecloud. Whitecloud's aliases include Ricardo Millar Lessur, Ricardo Lessur Millar, Walter Levinge, Thomas Roessler, Thomas Whitecloud, and Thomas John Russel.

By indicating in his initial August 2001 monthly report that he had no income for the month of July, Whitecloud violated the condition of his supervised release requiring him to submit a complete and truthful report to his probation officer within the first five days of the month.

■ Second, with regard to his DMV application, Whitecloud argues that the Government failed to establish a violation of California Penal Code section 118,[2] which proscribes perjury, because there was no evidence that his false negative response to the question of whether he had ever applied for a California identification card under any other name was material. Whitecloud argues that because his legal name is Russell Whitecloud, he would have been issued the identification card even if he had answered the question truthfully.

The test for materiality under section 118, generally, is whether the false statement *might have affected* the outcome of the proceeding. *People v. Feinberg*, 51 Cal.App.4th 1566, 60 Cal.Rptr.2d 323, 329 (1997). It is clear that, had Whitecloud answered the application truthfully by indicating that he had applied before under many different names, he might not have been issued an identification card. Whether an individual previously has applied for DMV identifications under different names is particularly material to the DMV application because issuance of a State identification card gives credence to an individual's representation of who he or she is.

The Government demonstrated by a preponderance of the evidence that Whitecloud's false answer on the DMV application, which he certified as true under penalty of perjury, amounted to perjury in violation of the condition of his supervised release that he not commit another crime.

■ Third, with regard to the stalking of Dr. Hirota, Whitecloud maintains that his delivery of the December 2001 letter to Dr. Hirota did not violate California Penal Code section 646.9.[3] Specifically, Whitec-

2. Section 118 provides that:
  [e]very person who, having taken an oath that he or she will testify, declare, depose, or certify truly before any competent tribunal, officer, or person, in any of the cases in which the oath may by law of the State of California be administered, willfully and contrary to the oath, states as true any material matter which he or she knows to be false, and every person who testifies, declares, deposes, or certifies under penalty of perjury in any of the cases in which the testimony, declarations, depositions, or certification is permitted by law of the State of California under penalty of perjury and willfully states as true any material matter which he or she knows to be false, is guilty of perjury.
  Cal.Penal Code § 118 (West 2002).

3. At the time of Whitecloud's conduct, section 649.9 provided, in relevant part:
  (a) Any person who willfully, maliciously, and repeatedly follows or harasses another

person and who makes a credible threat with the intent to place that person in reasonable fear for his or her safety, or the safety of his or her immediate family, is guilty of the crime of stalking....
  ...
  (g) For the purposes of this section, "credible threat" means a verbal or written threat, including that performed through the use of an electronic communication device, or *a threat implied by a pattern of conduct or combination of verbal, written, or electronically communicated statements and conduct* made with the intent to place the person that is the target of the threat in reasonable fear for his or her safety or the safety of his or her family and made with the apparent ability to carry out the threat so as to cause the person who is the target of the threat to reasonably fear for his or her safety or the safety of his or her family. It is not necessary to prove that the defendant had the intent to actually carry out the threat.

loud argues that his conduct failed to amount to a "credible threat," as required by the statute.

Whitecloud's argument misses the mark. The combination of Whitecloud's pattern of conduct and written statements amounted to a credible threat: his attempts to see Dr. Hirota at her office, including one successful attempt when he barged past the receptionist and into the sterilization area to find Dr. Hirota; his December 2001 sexually explicit letter, which indicated that he "must" perform the described sexual acts "soon"; and his Christmas card referring back to the sexually explicit letter. It is clear that Whitecloud demonstrated his refusal to respect proper boundaries of conduct and that his December 2001 letter, in combination with his conduct, gave Dr. Hirota reason to fear that Whitecloud would move beyond fantasy to physical assault of a sexual nature.

The Government proved by a preponderance of the evidence that the combination of Whitecloud's conduct and written statements amounted to an implied credible threat, and ultimately that Whitecloud stalked Dr. Hirota in violation of section 646.9.

For the foregoing reasons, the district court's revocation of Whitecloud's supervised release and subsequent imposition of the twenty-four-month sentence is AFFIRMED.

Whitecloud's motion for reconsideration of his motions to file supplemental pro se briefs is DENIED.

Cal.Penal Code § 646.9 (West 2001), *amended by* 2002 Cal. Stat. 832 (S.B.1320) (emphasis added).